UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

ROBERT W. JOHNSON,

                Plaintiff,

v.

RODEWAY INN SYRACUSE, et al.,

                Defendants.

5:22-CV-0396
(GLS/ML)
(LEAD CASE)

_____

ROBERT W. JOHNSON,

                Plaintiff,

v.

DAYS INN BY WYNDHAM SYRACUSE, et al.,

                Defendants.

5:22-CV-0403
(GLS/ML)
(MEMBER CASE)

_____

ROBERT W. JOHNSON,

                Plaintiff,

v.

AM. BEST VALUE INN, et al.,

              Defendants.

5:22-CV-0404
(GLS/ML)
(MEMBER CASE)

_____

ROBERT W. JOHNSON,

              Plaintiff,

v.

EXTENDED STAY AMERICA INC., et al.,

              Defendants.

5:22-CV-0405
(GLS/ML)
(MEMBER CASE)

ROBERT W. JOHNSON,

                        Plaintiff,

v.

RED ROOF INN # 157, et al.,

                        Defendants.

5:22-CV-0406
(GLS/ML)
(MEMBER CASE)

---

ROBERT W. JOHNSON,

                        Plaintiff,

v.

DOUBLE TREE BY HILTON SYRACUSE CORP., et al.,

                        Defendants.

5:22-CV-0407
(GLS/ML)
(MEMBER CASE)

---

ROBERT W. JOHNSON,

                        Plaintiff,

v.

EXECUTIVE EAST SYRACUSE HOTEL, LLC, et al.,

                        Defendants.

5:22-CV-0408
(GLS/ML)
(MEMBER CASE)

---

ROBERT W. JOHNSON,

                        Plaintiff,

v.

BEST WESTERN PLUS, et al.,

                        Defendants.

5:22-CV-0409
(GLS/ML)
(MEMBER CASE)

| | |
|---|---|
| ROBERT W. JOHNSON,<br><br>       Plaintiff,<br><br>v.<br><br>MOTEL 6, et al.,<br><br>       Defendants. | 5:22-CV-0410<br>(GLS/ML)<br>(MEMBER CASE) |
| ROBERT W. JOHNSON,<br><br>       Plaintiff,<br><br>v.<br><br>CANDLEWOOD SUITES EAST SYRACUSE, et al.,<br><br>       Defendants. | 5:22-CV-0411<br>(GLS/ML)<br>(MEMBER CASE) |
| ROBERT W. JOHNSON,<br><br>       Plaintiff,<br><br>v.<br><br>SPRINGHILL SUITES SYRACUSE<br>CARRIER CIRCLE, et al.,<br><br>       Defendants. | 5:22-CV-0412<br>(GLS/ML)<br>(MEMBER CASE) |
| ROBERT W. JOHNSON,<br><br>       Plaintiff,<br><br>v.<br><br>RAMADA BY WYNDHAM EAST SYRACUSE<br>CARRIER CIRCLE, et al.,<br><br>       Defendants. | 5:22-CV-0413<br>(GLS/ML)<br>(MEMBER CASE) |

ROBERT W. JOHNSON,

       Plaintiff,

v.

EMBASSY SUITES BY HILTON, et al.,

       Defendants.

5:22-CV-0414
(GLS/ML)
(MEMBER CASE)

---

ROBERT W. JOHNSON,

       Plaintiff,

v.

CRESTHILL SUITES, et al.,

       Defendants.

5:22-CV-0415
(GLS/ML)
(MEMBER CASE)

---

ROBERT W. JOHNSON,

       Plaintiff,

v.

RESIDENCE INN, et al.,

       Defendants.

5:22-CV-0416
(GLS/ML)
(MEMBER CASE)

---

ROBERT W. JOHNSON,

       Plaintiff,

v.

HOME TOWN INN BY RED ROOF, et al.,

       Defendants.

5:22-CV-0417
(GLS/ML)
(MEMBER CASE)

4

ROBERT W. JOHNSON,

      Plaintiff,

v.

FAIRFIELD BY MARRIOTT SYRACUSE
CARRIER CIRCLE, et al.,

      Defendants.

5:22-CV-0418
(GLS/ML)
(MEMBER CASE)

ROBERT W. JOHNSON,

      Plaintiff,

v.

HAMPTON INN & SUITES SYRACUSE
CARRIER CIRCLE, et al.,

      Defendants.

5:22-CV-0419
(GLS/ML)
(MEMBER CASE)

ROBERT W. JOHNSON,

      Plaintiff,

v.

MARRIOTT SYRACUSE DOWNTOWN, et al.,

      Defendants.

5:22-CV-0420
(GLS/ML)
(MEMBER CASE)

ROBERT W. JOHNSON,

      Plaintiff,

v.

COMFORT INN SYRACUSE-CARRIER
CIRCLE, et al.,

      Defendants.

5:22-CV-0421
(GLS/ML)
(MEMBER CASE)

5

APPEARANCES:                                                          OF COUNSEL:

ROBERT W. JOHNSON
  Plaintiff, *Pro Se*
112 Court Street, Apartment 2
Watertown, New York 13601


MIROSLAV LOVRIC, United States Magistrate Judge


# ORDER

      Presently before the Court is a Complaint filed by *pro se* plaintiff Robert W. Johnson ("Plaintiff") in *Johnson v. Rodeway Inn Syracuse*, No. 5:22-CV-0396 (GLS/ML) ("*Johnson I*"), together with an application to proceed *in forma pauperis*. (*Johnson I*, Dkt. Nos. 1, 2.) The Clerk of the Court has advised the undersigned of related complaints filed by Plaintiff in the following nineteen cases: (1) *Johnson v. Days Inn by Wyndham Syracuse*, No. 5:22-CV-0403 (GLS/ML) ("*Johnson II*"); (2) *Johnson v. Am. Best Value Inn*, No. 5:22-CV-0404 (GLS/ML) ("*Johnson III*"); (3) *Johnson v. Extended Stay Am. Inc.*, No. 5:22-CV-0405 (GLS/ML) ("*Johnson IV*"); (4) *Johnson v. Red Roof Inn # 157*, No. 5:22-CV-0406 (GLS/ML) ("*Johnson V*"); (5) *Johnson v. Doubletree by Hilton Syracuse*, No. 5:22-CV-0407 (GLS/ML) ("*Johnson VI*"); (6) *Johnson v. Executive East Syracuse Hotel, LLC*, No. 5:22-CV-0408 (GLS/ML) ("*Johnson VII*"); (7) *Johnson v. Best Western PLUS*, No. 5:22-CV-0409 (GLS/ML) ("*Johnson VIII*"); (8) *Johnson v. Motel 6*, No. 5:22-CV-0410 (GLS/ML) ("*Johnson IX*"); (9) *Johnson v. Candlewood Suites East Syracuse*, No. 5:22-CV-0411 (GLS/ML) ("*Johnson X*"); (10) *Johnson v. Springhill Suites Syracuse Carrier Circle*, No. 5:22-CV-0412 (GLS/ML) ("*Johnson XI*"); (11) *Johnson v. Ramada by Wyndham East Syracuse Carrier Circle*, No. 5:22-CV-0413 (GLS/ML) ("*Johnson XII*"); (12) *Johnson v. Embassy Suites by Hilton*, No. 5:22-CV-0414 (GLS/ML) ("*Johnson XIII*"); (13) *Johnson v. Cresthill Suites*, No. 5:22-CV-0415 (GLS/ML) ("*Johnson XIV*"); (14) *Johnson v.*

*Residence Inn*, No. 5:22-CV-0416 (GLS/ML) (*Johnson XV*"); (15) *Johnson v. Home Town Inn By Red Roof*, No. 5:22-CV-0417 (GLS/ML) ("*Johnson XVI*"); (16) *Johnson v. Fairfield by Marriott Syracuse Carrier Circle*, No. 5:22-CV-0418 (GLS/ML) ("*Johnson XVII*"); (17) *Johnson v. Hampton Inn & Suites Syracuse/Carrier Circle*, No. 5:22-CV-0419 (GLS/ML) ("*Johnson XVIII*"); (18) *Johnson v. Marriott Syracuse Downtown*, No. 5:22-CV-0420 (GLS/ML) ("*Johnson XIX*"); and (19) *Johnson v. Comfort Inn Syracuse-Carrier Circle*, No. 5:22-CV-0421 (GLS/ML) ("*Johnson XX*").  (*See Johnson II*, Dkt. No. 1; *Johnson III*, Dkt. No. 1; *Johnson IV*, Dkt. No. 1; *Johnson V*, Dkt. No. 1; *Johnson VI*, Dkt. No. 1; *Johnson VII*, Dkt. No. 1; *Johnson VIII*, Dkt. No. 1; *Johnson IX*, Dkt. No. 1; *Johnson X*, Dkt. No. 1; *Johnson XI*, Dkt. No. 1; *Johnson XII*, Dkt. No. 1; *Johnson XIII*, Dkt. No. 1; *Johnson XIV*, Dkt. No. 1; *Johnson XV*, Dkt. No. 1; *Johnson XVI*, Dkt. No. 1; *Johnson XVII*, Dkt. No. 1; *Johnson XVIII*, Dkt. No. 1; *Johnson XIX*, Dkt. No. 1; *Johnson XX*, Dkt. No. 1.)  Plaintiff has also filed *in forma pauperis* ("IFP") applications in all twenty actions.  (*See Johnson I*, Dkt. No. 2; *Johnson II*, Dkt. No. 2; *Johnson III*, Dkt. No. 2; *Johnson IV*, Dkt. No. 2; *Johnson V*, Dkt. No. 2; *Johnson VI*, Dkt. No. 2; *Johnson VII*, Dkt. No. 2; *Johnson VIII*, Dkt. No. 3; *Johnson IX*, Dkt. No. 2; *Johnson X*, Dkt. No. 2; *Johnson XI*, Dkt. No. 2; *Johnson XII*, Dkt. No. 2; *Johnson XIII*, Dkt. No. 2; *Johnson XIV*, Dkt. No. 2; *Johnson XV*, Dkt. No. 2; *Johnson XVI*, Dkt. No. 2; *Johnson XVII*, Dkt. No. 2; *Johnson XVIII*, Dkt. No. 2; *Johnson XIX*, Dkt. No. 2; *Johnson XX*, Dkt. No. 2.)  For the reasons set forth below, *Johnson I*, *Johnson II*, *Johnson III*, *Johnson IV*, *Johnson V*, *Johnson VI*, *Johnson VII*, *Johnson VIII*, *Johnson IX*, *Johnson X*, *Johnson XI*, *Johnson XII*, *Johnson XIII*, *Johnson XIV*, *Johnson XV*, *Johnson XVI*, *Johnson XVII*, *Johnson XVIII*, *Johnson XIX*, and *Johnson XX* (collectively "*Johnson I-XX*") are consolidated, Plaintiff's IFP application in *Johnson I* is granted, and Plaintiff's IFP applications in *Johnson II-XX* are denied as moot.

## I. BACKGROUND

### A. Summary of the Complaints in *Johnson I-XX*

In all twenty actions, Plaintiff alleges that on April 7, 2022, Defendants Jefferson County Department of Social Services, Burns, Gaffney, Labadini, Eveleigh, Hochul, Rodriguez, Stevenson, and The Workplace (collectively "DSS Defendants") authorized an allowance, which permitted Plaintiff to receive emergency housing. (*Johnson I-XX*, Dkt. No. 1.) Attached to Plaintiff's Complaints is a form titled "Action Taken on Your Request for Assistance to Meet an Immediate Need or a Special Allowance" (hereinafter the "Form"), which indicates that on April 7, 2022, Plaintiff was in immediate need of assistance with homelessness and DSS Defendants would "assist with emergency housing if [Plaintiff] found a facility that [would] accept [him] and agency payment." (*See, e.g., Johnson I*, Dkt. No. 1 at 9.)

Plaintiff alleges that on April 26, 2022, he was denied housing by Defendants Rodeway Inn Syracuse, Choice Hotels Corp., Michael Robinson, Days Inn by Wyndham Syracuse, America's Best Value Inn, Extended Stay of America, ESA Management LLC, Shari Gozzi, Red Roof Inn, Double Tree by Hilton Syracuse, Revmax Hospitality Consulting Services, Marissa Prasad, Nagib LaKhani, Thomas Olsen, Kelsey Cleary, Kevin Connolly, Executive East Syracuse Hotel LLC, Mrs. Martin,[1] Best Western PLUS, Nikki Gardner, Will Mawson, Jackie Stevens, Motel 6, Mr. Patel, Candlewood Suites East Syracuse, Michelle Calkins, Thomas Howell, Springhill Suites Syracuse Carrier Circle, Mary Gunther, Judith Herzig, Ramada by Wyndham East Syracuse Carrier Circle, Anthony Mangano, Marcus & Millichap, Jerry Swan, Tony Mangano, Prima Terra Properties LLC, Syramada Hotel Corp., Embassy Suites by Hilton,

---

[1] Plaintiff also alleges that "Mr. Martin" denied him "housing/shelter services" but Mr. Martin was not named as a Defendant. (*Johnson VII*, Dkt. No. 1 at 4.)

Paula Detran, Pyramid Management, Aimbridge Hospitality, Cresthill Suites, Residence Inn, Ashley, Home Town Inn by Red Roof, Fairfield by Marriott Syracuse Carrier Circle, Amy Newfield, Alisa Kaigler-Hall, Joshuah Beach, Hampton Inn & Suites Syracuse/Carrier Circle, Marcus Rabit, Marriott Syracuse Downtown, Nick Krenn, Comfort Inn Syracuse-Carrier Circle, the Waraich Group LLC, and Irfan Waraich (collectively "Hotel Defendants") and "no valid reasons were given." (*Johnson I-XX*, Dkt. No. 1.)

Plaintiff appears to assert the following four claims: (1) a claim of breach of contract against DSS Defendants pursuant to New York law, (2) a claim of breach of contract against Hotel Defendants pursuant to New York law, (3) a claim of discrimination against Defendants pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983, and (4) a claim that Defendants violated Plaintiff's right to due process pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983. (*Id.*)

As relief, Plaintiff seeks $100,000,000.00 in punitive damages, one-hundred percent ownership of the companies owned by Hotel Defendants, and all other relief that is just and proper. (*Id.*)

### B.     Consolidation

Under Federal Rule of Civil Procedure Rule 42, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "The trial court has broad discretion to determine whether consolidation is appropriate." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990).

Upon review of the twenty Complaints, the Court finds that common questions of law and/or fact exist in these cases. Therefore, these actions are consolidated. Fed. R. Civ. P. 42(a). *Johnson I* shall be referred to and treated as the "lead" case, and all subsequent orders of the Court and papers that are submitted by the parties hereto that pertain to any of the twenty foregoing actions shall be filed in *Johnson I*.

## II.  PLAINTIFF'S APPLICATIONS TO PROCEED *IN FORMA PAUPERIS*

"When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $402, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1).[2] After reviewing Plaintiff's *in forma pauperis* application in *Johnson I* (*Johnson I*, Dkt. No. 2) the Court finds that Plaintiff meets this standard. Therefore, Plaintiff's application to proceed *in forma pauperis* is granted.[3]

Because Plaintiff's *in forma pauperis* application is granted in *Johnson I*, and *Johnson II*, *Johnson III*, *Johnson IV*, *Johnson V*, *Johnson VI*, *Johnson VII*, *Johnson VIII*, *Johnson IX*, *Johnson X*, *Johnson XI*, *Johnson XII*, *Johnson XIII*, *Johnson XIV*, *Johnson XV*, *Johnson XVI*, *Johnson XVII*, *Johnson XVIII*, *Johnson XIX*, and *Johnson XX* have been consolidated, Plaintiff's IFP applications in *Johnson II*, *Johnson III*, *Johnson IV*, *Johnson V*, *Johnson VI*, *Johnson VII*,

---

[2]  The language of that section is ambiguous because it suggests an intent to limit availability of *in forma pauperis* status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). The courts have construed that section, however, as making *in forma pauperis* status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[3]  Plaintiff is reminded that, although his application to proceed *in forma pauperis* has been granted, he is still required to pay fees that he may incur in this action, including copying and/or witness fees.

*Johnson VIII*, *Johnson IX*, *Johnson X*, *Johnson XI*, *Johnson XII*, *Johnson XIII*, *Johnson XIV*, *Johnson XV*, *Johnson XVI*, *Johnson XVII*, *Johnson XVIII*, *Johnson XIX*, and *Johnson XX* are denied as moot.  (*Johnson II*, Dkt. No. 2; *Johnson III*, Dkt. No. 2; *Johnson IV*, Dkt. No. 2; *Johnson V*, Dkt. No. 2; *Johnson VI*, Dkt. No. 2; *Johnson VII*, Dkt. No. 2; *Johnson VIII*, Dkt. No. 3; *Johnson IX*, Dkt. No. 2; *Johnson X*, Dkt. No. 2; *Johnson XI*, Dkt. No. 2; *Johnson XII*, Dkt. No. 2; *Johnson XIII*, Dkt. No. 2; *Johnson XIV*, Dkt. No. 2; *Johnson XV*, Dkt. No. 2; *Johnson XVI*, Dkt. No. 2; *Johnson XVII*, Dkt. No. 2; *Johnson XVIII*, Dkt. No. 2; *Johnson XIX*, Dkt. No. 2; *Johnson XX*, Dkt. No. 2.)

**ACCORDINGLY**, it is

**ORDERED** that the Clerk of the Court consolidate *Johnson I* (No. 22-CV-0396), *Johnson II* (No. 5:22-CV-0403), *Johnson III* (No. 5:22-CV-0404), *Johnson IV* (No. 5:22-CV-0405), *Johnson V* (No. 5:22-CV-0406), *Johnson VI* (No. 5:22-CV-0407), *Johnson VII* (No. 5:22-CV-0408), *Johnson VIII* (No. 5:22-CV-0409), *Johnson IX* (No. 5:22-CV-0410), *Johnson X* (No. 5:22-CV-0411), *Johnson XI* (No. 5:22-CV-0412), *Johnson XII* (No. 5:22-CV-0413), *Johnson XIII* (No. 5:22-CV-0414), *Johnson XIV* (No. 5:22-CV-0415), *Johnson XV* (No. 5:22-CV-0416), *Johnson XVI* (No. 5:22-CV-0417), *Johnson XVII* (No. 5:22-CV-0418), *Johnson XVIII* (No. 5:22-CV-0419), *Johnson XIX* (No. 5:22-CV-0420), and *Johnson XX* (No. 5:22-CV-0421).  *Johnson I* shall be referred to and treated as the "Lead Case," and all subsequent Orders of the Court and papers that are submitted by the parties hereto that pertain to any of the foregoing actions shall be filed in *Johnson I*; and it is further

**ORDERED** that the Clerk of the Court place a copy of this Order in the file of *Johnson II*, *Johnson III*, *Johnson IV*, *Johnson V*, *Johnson VI*, *Johnson VII*, *Johnson VIII*, *Johnson IX*,

*Johnson X*, *Johnson XI*, *Johnson XII*, *Johnson XIII*, *Johnson XIV*, *Johnson XV*, *Johnson XVI*, *Johnson XVII*, *Johnson XVIII*, *Johnson XIX*, and *Johnson XX*; and it is further

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* in *Johnson I* is **GRANTED**, and Plaintiff's applications to proceed *in forma pauperis* in *Johnson II*, *Johnson III*, *Johnson IV*, *Johnson V*, *Johnson VI*, *Johnson VII*, *Johnson VIII*, *Johnson IX*, *Johnson X*, *Johnson XI*, *Johnson XII*, *Johnson XIII*, *Johnson XIV*, *Johnson XV*, *Johnson XVI*, *Johnson XVII*, *Johnson XVIII*, *Johnson XIX*, and *Johnson XX* are **DENIED as moot**; and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this order on the docket of this case and serve a copy upon the parties in accordance with the local rules.

Dated: June 1, 2022
      Binghamton, New York

*[signature]*
Miroslav Lovric
U.S. Magistrate Judge